IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIE WHITE, JR.                         :
    Plaintiff,                          :
                                        :
    v.                                  :    CIVIL ACTION NO. 23-CV-1735
                                        :
MIKE SALTER,                              :
    Defendant.                          :

## MEMORANDUM

**ROBRENO, J.**                                                    **JUNE 27, 2023**

Plaintiff Willie White, Jr., an inmate at Lehigh County Prison, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 complaining about a misconduct hearing.  Before the Court is White's motion to proceed *in forma pauperis*.  (ECF No. 4.)  Because White has obtained three prior "strikes" and because he has not shown an imminent danger of serious physical injury, pursuant to 28 U.S.C. § 1915(g) the Court will deny White leave to proceed *in forma pauperis* and require that he pay the full filing fee if he wishes to continue with his case.

## I.     FACTUAL ALLEGATIONS

Briefly, White asserts that on April 20, 2023, he attended a misconduct hearing.  (Compl. at 12.)[1]  He was told by the hearing official that, no matter what he said about the misconduct charges, it would not change the punishment the official had already determined.  (*Id*.)  White claims the hearing was arbitrary, and the official did not have evidence for his determination before finding White guilty.  (*Id*.)

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

## II.    "THREE-STRIKE" ANALYSIS

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence.  *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted).  But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse.  *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996.  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).  Put more simply, under the PLRA, a prisoner with three prior "strikes" can obtain *in forma pauperis* status only if he is in imminent danger of serious physical injury at the time he brings his case to court.  Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant."  *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

A strike under § 1915(g) "will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

### 1.      White has accumulated three strikes.

The Court concludes that White has accumulated three strikes for purposes of § 1915(g). In *White v. L.C.J. / Inmate Accts.*, No. 22-1941, 2022 WL 1720077, at *2 (E.D. Pa. May 27, 2022), the Court dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) a complaint filed by White alleging violations of the federal mail fraud statute, among other things. This dismissal constituted White's first "strike" for purposes of § 1915(g). In *White v. Massini*, No. 22-1230, 2022 WL 1748531 (E.D. Pa. May 31, 2022), after permitting White an opportunity to amend claims found initially to be deficient, the Court dismissed the case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), finding that his amended complaint failed to allege plausible claims. *Id*., at *2-4. This dismissal constituted White's second "strike" for purposes of § 1915(g). In *White v. Gaglione*, No. 22-1974, 2022 WL 1774132 (E.D. Pa. June 1, 2022), the Court dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) White's complaint alleging an unreasonable search claim, property loss claim, Fourteenth Amendment due process

3

claims, and failure to supervise/train claims.  This dismissal constituted White's third "strike" for purposes of § 1915(g).

### 2.    The Complaint does not allege imminent danger.

Because White has accumulated three strikes, he is "out" and can no longer proceed *in forma pauperis* in federal court unless he can show that he is in imminent danger of serious physical injury at the time he brought his Complaint.  The "imminent danger" exception to the three-strikes rule serves as a "safety valve" to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee.  *Ball*, 726 F.3d at 467.  It "creates a narrow opening for a particular type of claim; it does not give prisoners . . . a license to swamp the court with claims whenever they successfully state a claim of imminent danger."  *Brown v. Lyons*, 977 F. Supp. 2d 475, 481-82 (E.D. Pa. 2013) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)).  "Imminent dangers are those dangers which are about to occur at any moment or are impending."  *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted).  Past dangers are not imminent dangers.  *See Ball*, 726 F.3d at 467.  Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger.  *Id.*  Finally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint."  *Pettus*, 554 F.3d at 297; *see also Ball v. Hummel*, 577 F. App'x 96, 98 n.1 (3d Cir. 2014) (*per curiam*).  In other words, the claimed imminent danger must relate to the legal claims the prisoner pursues.  *Id.*; *see also Brown v. U.S. Dist. Ct., E. Dist.*, No. 13-7229, 2014 WL 1225878, at *1 (E.D. Pa. Mar. 25, 2014) ("In short, § 1915(g) requires two things:  the allegation of imminent danger and a claim for relief that if granted will preclude the danger from becoming a reality.").

White's allegation that the hearing official violated his constitutional rights by predetermining the result of the misconduct hearing fails to allege imminent danger of serious physical injury.  Indeed, White has failed to allege any physical harm caused by the conduct he alleges.  Accordingly, the Court finds that the imminent danger exception does not apply.

## III.  CONCLUSION

Because White is a "three-striker" who is prohibited from proceeding *in forma pauperis* unless he is in imminent danger of serious physical injury at the time of filing, and since he was not in imminent danger when he submitted his Complaint, the Court will deny White's Motion to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).  Should White desire to litigate his claims, he must pay the full filing fee in advance.  An appropriate Order follows, which gives White an opportunity to pay the fees to proceed if he seeks to do so.

BY THE COURT:

*Eduardo C. Robreno*

**EDUARDO C. ROBRENO, J.**